UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEPHANIE A. BRIDGETT,<br><br>　　　　Defendant. | No.  2:24-cv-2853 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a pretrial detainee who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

　　I.　　Statutory Screening of Prisoner Complaints

　　　　The court is required to screen complaints brought by prisoners seeking relief against "a

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to Shasta County Jail requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account.  These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II.     Factual Allegations of the Complaint

The complaint alleges that Stephanie Bridgett, the Shasta County District Attorney, and unspecified law enforcement officers and judges are engaged in corruption and have violated plaintiff's rights by subjecting him to false charges in retaliation for exposing law enforcement's involvement in human trafficking and sex trafficking. ECF No. 1 at 4-5, 7-10. Plaintiff also identifies Susan Abreu, his mother, as an additional plaintiff and alleges that the proceedings against plaintiff caused her so much stress that she ended up in the hospital and almost died. Id. at 2, 6.

III.    Failure to State a Claim

As an initial matter, plaintiff may not represent his mother in this action because "[w]hile a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an

2

attorney for others than himself.'" Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997) (quoting C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987)).

With respect to plaintiff's claims that he is being subject to retaliatory false charges, under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091-92 (9th Cir. 2008) (citations and footnote omitted). Younger abstention is required

> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted).

In the instant case, the court finds that all four requirements for exercising Younger abstention are met. Based on the allegations in the complaint and plaintiff's numerous subsequent filings, the state-initiated criminal proceeding against plaintiff is still ongoing.[2] The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44). Finally, no reason exists that would bar the state court from addressing plaintiff's claims. Allowing him to proceed in federal court before the conclusion of his state court proceedings would have the practical effect of enjoining the state proceedings, because a decision in plaintiff's favor would require a finding that the pending charges were falsified.

Even if Younger abstention was not appropriate, the complaint fails to state any claims for relief because plaintiff has not alleged personal involvement by any specific individual. See

---

[2] The Shasta County Superior Court's online docket also reflects ongoing criminal proceedings against plaintiff. See Shasta County Superior Court docket for Case No. 24F-05063.

Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (liability under § 1983 must be based on the personal involvement of the defendant).  Moreover, the allegations against Bridgett appear to be based upon the conduct of the prosecutor in plaintiff's pending criminal action.  There is "no respondeat superior liability under section 1983," Taylor v List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted), and prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are "intimately associated with the judicial phase of the criminal process," Kalina v. Fletcher, 522 U.S. 118, 125 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)) (internal quotation marks omitted).  Since plaintiff's claims are based on the prosecutor's conduct in prosecuting him in his criminal proceedings, these claims must also fail.  Similarly, to the extent plaintiff appears to be attempting to bring claims against the Shasta County Superior Court judges based on their conduct in overseeing his criminal proceedings, they are immune from suit.  See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) (judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983).

### IV. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile.  The complaint should therefore be dismissed without leave to amend.

### V. Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your request to proceed in forma pauperis is granted.  That means you do not have to pay the entire filing fee now.  You will pay it over time, out of your trust account.

It is being recommended that your complaint be dismissed without leave to amend because many of the defendants are immune from suit and you cannot bring a claim based on the

charges against you being false while your criminal proceedings are still ongoing.

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 23) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. The Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE