UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLUE F.C. ABREU,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE A. BRIDGETT,<br><br>Defendant. | No. 2:24-cv-02853-DAD-AC (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING PLAINTIFF'S COMPLAINT<br><br>(Doc. Nos. 25, 33) |

Plaintiff Blue C.F. Abreu is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2024, the assigned magistrate judge issued findings and recommendations recommending that plaintiff's complaint (Doc. No. 1) be dismissed for failure to state a claim. (Doc. No. 25.) In the pending findings and recommendations, the magistrate judge noted several deficiencies in plaintiff's complaint, including that he had "not alleged personal involvement by any specific individual," and that his allegations against defendant Bridgett, the Shasta County District Attorney, appeared to be based upon a prosecutor's conduct in plaintiff's state court criminal action, but "prosecutors are absolutely immune from liability when performing the traditional functions of an advocate and acts that are intimately associated

1

1   with the judicial phase of the criminal process." (*Id.* at 3–4.)  The magistrate judge also noted
2   that "to the extent plaintiff appears to be attempting to bring claims against the Shasta County
3   Superior Court judges based on their conduct in overseeing his criminal proceedings, they are
4   immune from suit," and to the extent plaintiff appears to bring claims on behalf of his mother in
5   this suit, he has no authority to do so.  (*Id.* at 2–4.)  For these and other reasons, the magistrate
6   judge concluded that plaintiff's complaint should be dismissed, without leave to amend.  (*See id.*
7   at 4) ("The undersigned finds that, as set forth above, the complaint fails to state a claim upon
8   which relief may be granted and that given the nature of the claims, amendment would be futile.
9   The complaint should therefore be dismissed without leave to amend.").  Those pending findings
10  and recommendations were served on plaintiff and contained notice that any objections thereto
11  were to be filed within twenty-one (21) days after service.  (*Id.* at 5.)  On November 15, 2024,
12  plaintiff timely filed objections to the pending findings and recommendations.  (Doc. No. 29.)
13      In his one-page objections, plaintiff states that "what confuses [him] is that [i]mmunity
14  has been given to people that are protecting really bad people" but notes that "[he]'ll just have to
15  take it to D.C." (*Id.* at 1.)  Plaintiff's objections do not present a basis upon which to reject the
16  magistrate judge's finding that plaintiff has failed to a claim.
17      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
18  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
19  findings and recommendations are supported by the record and by proper analysis.
20      Accordingly,
21      1.  The findings and recommendations issued on November 8, 2024 (Doc. No. 25) are
22          ADOPTED in full;
23      2.  Plaintiff's complaint (Doc. No. 1) is DISMISSED, without leave to amend;
24  /////
25  /////
26  /////
27  /////
28  /////

1  3. Plaintiff's later filed document in which he lists various case numbers, and which has been entered on the docket as a motion to consolidate cases (Doc. No. 33), is DENIED as having been rendered moot by this order; and

4. The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **April 16, 2025**

                        DALE A. DROZD
                        UNITED STATES DISTRICT JUDGE